United States District Court
Southern District of Texas

**ENTERED**

April 01, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JEMICHAEL TERAIL NORRIS, | § | |
| (SPN # 2027428) | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. H-26-1031 |
| | § | |
| ED GONZALEZ, | § | |
| | § | |
| *Respondent*. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Jemichael Terail Norris, (SPN # 2027428), is currently serving a sentence of deferred-adjudication probation arising from a November 2023 guilty plea to a charge of aggravated assault on a family member. (Dkt. 5-1, p. 2). Proceeding *pro se*, he filed a petition for a federal writ of habeas corpus under 28 U.S.C. § 2254 in February 2026, asking this Court to set aside a revocation warrant that is pending in those state-court proceedings. (Dkt. 1). At the Court's request, he later filed an amended petition. (Dkt 5). He has also filed a motion for leave to proceed *in forma pauperis*. (Dkt. 6).

Under Rule 4 of the Rules Governing Section 2254 Proceedings in the United States District Courts, this Court is required to review a petition for federal habeas corpus relief and dismiss it if "[i]t plainly appears from the petition . . . that the

1/ 14

petitioner is not entitled to relief." After considering Norris's petition, all matters of record, and the law, the Court dismisses his petition for the reasons explained below.

## I. BACKGROUND

Norris alleges that he was arrested by Harris County Sheriff's officers without a warrant on July 8, 2023. (Dkt. 1, p. 2). On July 9, 2023, he was brought before a magistrate. (*Id.*). When he objected to the procedures being used at that appearance, including the lack of appointed counsel, he was removed from the courtroom. (*Id.*). The hearing then continued *ex parte*, during which he was denied bail and ordered to undergo a mental-health evaluation. (*Id.*). He was apparently also ordered to be detained until the evaluation was completed. (*Id.*). Counsel was appointed at that hearing, but counsel did not appear until July 10, 2023. (*Id.*).

On September 27, 2023, the grand jury returned an indictment on a charge of aggravated assault on a family member. (*Id.*). On November 14, 2023, Norris appeared with counsel and pleaded guilty to the charge. (*Id.*). He was sentenced to four years of deferred-adjudication probation and released from custody.[1] (*Id.* at 3).

---

[1] Despite his release from jail, Norris is considered "in custody" for purposes of § 2254 while he is serving his deferred-adjudication probation. *See Maleng v. Cook*, 490 U.S. 488, 491 (1989); *Cady v. Thaler*, No. V-13-014, 2013 WL 1870058, *2 (S.D. Tex. Apr. 18, 2013) ("As the Fifth Circuit has explained, usually 'custody' signifies incarceration or supervised release, but in general it encompasses most restrictions on liberty resulting from a criminal conviction.") (quoting *Pack v. Yusuff*, 218 F.3d 448, 454 n.5 (5th Cir. 2000)); *Johnson v. Director, TDCJ*, No. 2:24-cv-008-Z-BR, 2025 WL 1415353, at *7 (N.D. Tex. Apr. 22, 2025) (finding petitioner serving deferred-adjudication probation to be "in custody" for habeas purposes).

On June 17, 2024, a warrant for the revocation of Norris's deferred-adjudication probation was issued. (*Id.*). The warrant has not yet been executed, although Norris alleges that the Sheriff "holds legal authority to arrest and confine Petitioner pursuant to that revocation order." (*Id.*).

On February 6, 2026, Norris filed this petition for writ of habeas corpus under 28 U.S.C. §2254. (Dkt. 1). In his petition, he contends that his arrest without a warrant in July 2023 violated his Fourth Amendment rights. (*Id.* at 5). He contends that he was denied his Sixth Amendment right to counsel at his initial appearance, where a bond decision was made. (*Id.*). He contends that his due process rights were violated when the initial appearance was held *ex parte* and when the order for a mental-health evaluation was entered. (*Id.*). And he contends that he was denied his Sixth Amendment right to the effective assistance of counsel at his plea hearing. (*Id.*). He asserts that the absence of effective counsel rendered his guilty plea involuntary. (*Id.* at 6). Finally, he contends that the pending revocation proceedings are void because of the defects in the proceedings that lead to the original deferred-adjudication order. (*Id.*).

As relief, Norris asks this Court to declare that his original arrest, detention, plea, and deferred-adjudication order were void as obtained in violation of his constitutional rights. (*Id.*). He also asks the Court to set aside the June 17, 2024, revocation warrant and find that any further custody premised on the original

deferred-adjudication order is barred. (*Id.*).

## II.   DISCUSSION

### A.   Motion to Proceed *In Forma Pauperis*

Norris seeks leave to proceed *in forma pauperis* in this action. He is not currently in jail, and his motion demonstrates that he does not have sufficient funds to pay the filing fee for a habeas petition. His motion to proceed *in forma pauperis*, (Dkt. 6), is therefore **granted**.

### B.   Exhaustion

Norris's petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (1996) (AEDPA). Under AEDPA, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1). This provision requires a federal habeas petitioner to "exhaust his state remedies by pressing his claims in state court before he may seek federal habeas relief." *Henry v. Cockrell*, 327 F.3d 429, 432 (5th Cir. 2003) (quoting *Orman v. Cain*, 228 F.3d 616, 619-20 (5th Cir. 2000)). Exceptions exist only when there is no available state corrective process or when that state process is ineffective to protect the petitioner's rights in his particular circumstances. *See* 28 U.S.C. § 2254(b)(1)(B).

4/ 14

To exhaust state remedies under § 2254(b)(1)(A), a habeas petitioner must fairly present "the substance of his claim to the state courts." *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997) (citing *Picard v. Connor*, 404 U.S. 270, 275-76 (1971)). A federal habeas petitioner has not exhausted his state remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). In Texas, a criminal defendant may challenge a judgment by (1) filing a direct appeal followed, if necessary, by a petition for discretionary review in the Texas Court of Criminal Appeals; and/or (2) filing a petition for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. art. 11.07 § 3(c); *see also Busby v. Dretke*, 359 F.3d 708, 723 (5th Cir. 2004) ("Habeas petitioners must exhaust state remedies by pursuing their claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings.").

While state post-conviction proceedings may not have been available to review Norris's deferred-adjudication order, he could have filed a direct appeal to raise the issues from the original plea proceedings when the deferred-adjudication order was first imposed. *See Manuel v. State*, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999). But publicly available records show that Norris did not appeal his deferred-adjudication order. He therefore did not exhaust the available state-court remedies as to these claims.

5/ 14

When a habeas petitioner has failed to exhaust state remedies and when the state court would now find the claims procedurally barred, then "there is a procedural default for purposes of federal habeas." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). "Federal habeas review of procedurally defaulted claims is barred 'unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.'" *Hughes v. Quarterman*, 530 F.3d 336, 341 (5th Cir. 2008) (quoting *Coleman*, 501 U.S. at 750).

Norris did not appeal the original deferred-adjudication order, and his time to bring a direct appeal has long since expired. He has therefore procedurally defaulted his claims. But he alleges no facts that would demonstrate cause for his failure to pursue his state-court remedies when they were available. He alleges that he made "post-judgment filings, including a bill of review and written notices to state officials and the Harris County District Clerk." (Dkt. 1, p. 3). But neither the Harris County District Court docket nor the available appellate court dockets support his allegations. *See* Search Our Records, www.hcdistrictclerk.com (visited Mar. 30, 2026); Case Inquiry, www.txcourts.gov (visited Mar. 30, 2026).

Norris never appealed the deferred-adjudication order, and he offers no excuse for his failure to pursue such an appeal. Instead, Norris contends that this Court should find the available state processes ineffective to protect his rights. But the

6/ 14

Court will not excuse the exhaustion requirement based on Norris's unsupported statement that a process he never attempted to pursue is ineffective to protect his rights.

Because Norris never pursued the state remedies available to him, he did not exhaust those remedies before filing this petition. He alleges no facts that would support excusing the procedural default at this juncture. His petition for federal habeas relief must therefore be dismissed for lack of exhaustion.

## C.   **Statute of Limitations**

Even if Norris had exhausted his state-court remedies as to his claims arising from the entry of the deferred-adjudication order, his petition would be dismissed as barred by the applicable statute of limitations.

AEDPA contains a one-year limitations period for filing a federal habeas corpus petition to challenge a state-court judgment. *See* 28 U.S.C. § 2244(d). That one-year period runs from the "latest of" four accrual dates:

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

> recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

A deferred-adjudication order is a "judgment" for purposes of AEDPA. *See Caldwell v. Dretke*, 429 F.3d 521, 528 (5th Cir. 2005). Therefore, "the statute of limitations for a federal habeas application raising claims that address his deferred adjudication begins to run when his deferred-adjudication order becomes final, whether or not he is later convicted and sentenced." *Tharpe v. Thaler*, 628 F.3d 719, 723 (5th Cir. 2010).

All of the claims in Norris's federal habeas petition attack the validity of his original guilty plea and the resulting deferred-adjudication order. That order became final for purposes of federal habeas review on December 14, 2023, the date on which his time to file an appeal from that order expired. *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) (stating that when a state prisoner does not seek direct review, the conviction becomes final for purposes of § 2244 at "the expiration of the time for seeking such review"); *see also* Tex. R. App. P. 26.2 (providing that an appeal is perfected when the notice of appeal is filed within 30 days after the day sentence is imposed). Under § 2244(d), the deadline for Norris to file a timely

8/ 14

federal habeas petition raising issues challenging the validity of the deferred-adjudication order was one year later, on December 14, 2024. But Norris did not file his federal habeas petition until February 6, 2026—well outside the one-year limitations period.

Norris proceeds as if the pending motion to revoke his community supervision restarted his time to seek federal habeas review of issues arising from the earlier deferred-adjudication order; however, the Fifth Circuit has specifically rejected this argument. That court has determined that a deferred-adjudication order and a later conviction and sentence upon revocation "involve two different judgments for AEDPA purposes." *Tharpe*, 628 F.3d at 724 (cleaned up). Because there are two different judgments, "we are dealing with two separate and distinct limitations periods under the AEDPA." *Id.* Therefore, "the limitations period applicable to claims arising from entry of the deferred-adjudication order begins to run upon that order becoming final, regardless of any later judgment of conviction and sentence." *Id.*

As explained above, all of Norris's current arise from the entry of the deferred-adjudication order. Under *Tharpe*, the limitations period for claims arising from that order began to run when that order became final on December 14, 2023. Any potential revocation of his deferred-adjudication probation does not revive the limitations period as to claims arising from the initial deferred-adjudication order.

9/ 14

Norris's claims arising from that order are therefore time-barred unless a later accrual date applies.

But Norris fails to allege any facts showing that any statutory exception to the limitations period applies. He has not alleged that any unconstitutional state action prevented him from filing his federal habeas petition before the expiration of the limitations period. *See* 28 U.S.C. § 2244(d)(1)(B). He has not alleged facts showing that his claims are based on a newly recognized constitutional right. *See* 28 U.S.C. § 2244(d)(1)(C). And he has not alleged facts showing that the factual basis for his claims could not have been timely discovered if he had acted with due diligence. *See* 28 U.S.C. § 2244(d)(1)(D). Thus, the record does not establish a statutory basis to allow Norris to avoid the effect of the limitations period. Further, Norris alleges no facts that could support a claim to equitable tolling of the limitations period.

Having failed to show that any statutory or equitable exception to the AEDPA limitations period applies to his case, Norris is not entitled to federal habeas relief on any claims arising from the original deferred-adjudication order. His petition challenging the validity of that order will be dismissed as barred by limitations.

### D.   *Younger* **Abstention**

To the extent that Norris is challenging any potential proceedings relating to the revocation of his deferred-adjudication probation, the Court declines to exercise jurisdiction under *Younger v. Harris*, 401 U.S. 37, 54 (1971). *Younger* requires

10/ 14

federal courts to abstain from exercising jurisdiction when: (1) the federal proceeding would interfere with an "ongoing state judicial proceeding"; (2) the State has an important interest in regulating the subject matter of the claim; and (3) the petitioner has "an adequate opportunity in the state proceedings to raise constitutional challenges." *Bice v. La. Pub. Defender Bd.,* 677 F.3d 712, 716 (5th Cir. 2012); *see also Kolski v. Watkins,* 544 F.2d 762, 766 (5th Cir. 1977) ("a [p]etitioner must satisfy the *Younger* abstention hurdles before [a court] may give habeas relief").[2]

Norris's claims meet all three requirements for abstention under *Younger.* Any decision by this Court on Norris's claims would interfere with the ongoing state-court revocation proceedings. *See Younger,* 401 U.S. at 41; *Tex. Ass'n of Bus. v. Earle,* 388 F.3d 515, 518 (5th Cir. 2004) ("Under the rule set out by [*Younger*], federal courts must refrain from considering requests for injunctive relief based upon constitutional challenges to state criminal proceedings pending at the time the federal action is instituted."). The State of Texas has an important interest in enforcing its criminal laws and procedures. *See DeSpain v. Johnston,* 731 F.2d 1171,

---

[2]Exceptions to the *Younger* doctrine exist when "(1) the state court proceeding was brought in bad faith or with the purpose of harassing the federal plaintiff, (2) the state statute is 'flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it,' or (3) application of the doctrine was waived." *Texas Ass'n of Bus. v. Earle,* 388 F.3d 515, 519 (5th Cir. 2004) (quoting *Younger,* 401 U.S. at 49). Norris's petition does not allege facts showing that these exceptions apply in his case.

11/ 14

1176 (5th Cir. 1984). And Norris can raise his claims in the revocation proceedings and again on appeal if necessary. *See, e.g., Friemel v. Sheriff, Gregg Cnty*, Civil No. 6:20cv609, 2021 WL 2372213, at *3 (E.D. Tex. Apr. 20, 2021) (*Younger* abstention is proper when the "petitioner has the opportunity to challenge the evidence against him at trial and to appeal any potential conviction in state court on direct appeal and in collateral proceedings, as well as through federal habeas corpus proceedings."), *report and recommendation adopted*, 2021 WL 2371227 (E.D. Tex. June 9, 2021).

Any claims Norris raises relating to the current revocation proceedings meet the requirements for *Younger* abstention. To the extent that such claims are raised, the Court declines to exercise jurisdiction under *Younger* and dismisses his petition.

## III.   CERTIFICATE OF APPEALABILITY

Habeas corpus actions under § 2254 require a certificate of appealability to proceed on appeal. 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. To be entitled to a certificate of appealability, the petitioner must make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard*, 542 U.S. at 276 (quoting *Slack v. McDaniel*, 529

12/ 14

U.S. 473, 484 (2000)). The petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336 (quoting *Slack*, 529 U.S. at 484). When the denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam). Because Norris has not shown that reasonable jurists would find the Court's resolution of the constitutional issues debatable or wrong, this Court will not issue a certificate of appealability.

## IV.  CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. Norris's motion to proceed *in forma pauperis*, (Dkt. 6), is **GRANTED**.

2. Norris's petition and amended petition for writ of habeas corpus, (Dkts. 1, 5), are **DISMISSED with prejudice** for claims arising from the original deferred-adjudication order.

3. Norris's petition and amended petition for writ of habeas corpus, (Dkts. 1, 5), are **DISMISSED without prejudice** for claims arising from the pending revocation proceedings.

4. Any other pending motions are **DENIED as moot**.

5. A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this Order to the petitioner.

SIGNED at Houston, Texas on _____ *Mar 31* _____, 2026.

DAVID HITTNER
UNITED STATES DISTRICT JUDGE